José C. Jusino, Plaintiff and Appellee, *v.* Dolores Masjuán, etc., et al., Defendants and Appellants.

No. 6596. Argued March 26, 1934.—Decided April 11, 1934.

*D. Marcano Castagnet* for appellants. *Ramón S. Pesquera* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

The plaintiff-appellee moves to dismiss this appeal for the reason, among others, that notice of the appeal was not served on Ramón S. Pesquera, plaintiff's attorney, as appears from the record. The appellants argue, in opposition, that notice was duly served on the plaintiff and that, according to section 296 of the Code of Civil Procedure, notice of the appeal may be served on the adverse party or on its attorney, it not being an indispensable requisite that notice be served on the latter if it has been served on the party.

In the case of *Zaragoza et al.* v. *López,* 16 P.R.R. 788, this court dismissed an appeal precisely because notice thereof had been served on the defendant-appellee and not on his attorney. From the opinion of the court in said case, we transcribe the following:

"The other ground of the motion is that this appeal was notified to the defendant-appellee and not to his attorney, and we are cited to our decision in the case of *American R. R. Co. of P. R.* v. *The Judge of the Municipal Court of Ponce* (16 P. R. Rep., 227), decided on April 4, 1910. In that case we decided that the appeal was properly entertained because it was taken not from a judgment of a district court, but from the judgment of a municipal court. This court, however, clearly held, conceding the proposition now raised by the appellee, that the provision of law requiring notice to be made upon the attorney did not apply to an appeal from a municipal court. This court reviewed the authorities in the case cited and came to the conclusion that by reason of the provisions of sections 296 and 324

of the Code of Civil Procedure, as well as by the jurisprudence of the Supreme Court of California, a notice of appeal must be made to the attorney.''

As has been said in the preceding opinion, the ruling of this court is upheld by the jurisprudence of the Supreme Court of California. In the cases of *Abrahms* v. *Stokes,* 39 Cal. 150, and *Jones* v. *McGarney,* 6 Cal. Unrep. 277, 56 Pac. 896, the appeal was dismissed because notice thereof was served on the adverse party and not on its attorney.

From California Jurisprudence, volume 2, page 344, we transcribe the following:

''Section 940 of the Code of Civil Procedure requires service of the notice of appeal on the adverse party 'or his attorney.' Such notice is not process requiring personal service upon the party himself for the purpose of bringing him before the court. Therefore, section 940 is to be read in connection with section 1015 of the code, providing that in all cases where a party has an attorney in the action or proceeding, the service of papers when required must be upon the attorney instead of the party. The latter provision controls the former, and when the adverse party has an attorney, service must be made upon the attorney, and appeals have been dismissed for violation of this rule.''

According to this jurisprudence, the notice should be served on the party or on its attorney: on the party where it has exclusive charge of the defense of its suit; in all other cases, on the attorney in the case or proceeding. Sections 940 and 1015 of the Code of Civil Procedure of California correspond to sections 296 and 324 of our Code of Civil Procedure. As is known, the former section provides that notice of the appeal must be served on the adverse party or on its attorney, and section 324, that in all cases where a party is represented in the suit or proceeding by an attorney, the service of papers, when required, must be upon the attorney instead of the party.

Since notice of the appeal was not served on the appellee's attorney, the plaintiff's motion must be sustained and the appeal dismissed.